UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | RECEIPT # _____ |
| ) | AMOUNT $ N/A USA |
| Plaintiff, ) | SUMMONS ISSUED Y2 |
| ) | LOCAL RULE 4.1 _____ |
| v. ) Civil Action No. _____ | WAIVER FORM _____ |
| ) | MCF ISSUED _____ |
| IZZO GROUP, INC. and PASCO IZZO, SR. ) | BY DPTY. CLK. m |
| ) | DATE 7-30-04 |
| Defendants. ) | |

04-11689 GAO

COMPLAINT            MAGISTRATE JUDGE _____

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region I, files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C § 9607, as amended ("CERCLA"), for recovery of certain response costs incurred in connection with the Cohen Property Superfund Site ("Site") located in the City of Taunton, Massachusetts.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

4. The defendants, Izzo Group, Inc., ("Izzo Group") and Mr. Pasco Izzo, Sr. ("Pasco Izzo") (collectively, the "Defendants"), are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. The defendant, Izzo Group, is a corporation organized and existing under the laws of the State of Rhode Island. Its principal place of business is located in Johnston, Rhode Island. In 1997, Izzo Realty Company merged into Metals Recycling, Inc. Simultaneously, Metals Recycling, Inc., changed its name to Izzo Group, Inc.

6. Pasco Izzo is a natural person residing at 1837 Atwood Avenue, Johnston, Rhode Island, who operated the Site at the time of disposal of hazardous substances at, or from the Site.

## THE SITE

7. The approximately 5 acre Site is located in the City of Taunton, Massachusetts. A 100 unit low income housing complex is located approximately 250 feet from the Site. Other land uses around the Site include mixed commercial and industrial properties, and a Veterans of Foreign Wars Hall. The Site abuts wetlands, which drain to the West into a culvert stream, flowing into the Taunton River to the South of the Site.

8. Beginning in, or about 1920 and ending in, or about 1984, a significant portion of the Site was operated as a metals scrap, recycling and car crushing facility. Portions of the Site were used to dispose of metal scrap, other waste material, and hazardous substances.

9. Beginning in, or about 1978, and ending in, or about 1982, Metals Recycling, Inc., leased a portion of the Site where it conducted metal scrap, recycling, and car crushing operations. During this period, Metals Recycling, Inc., disposed of hazardous substances at, or from the Site.

10. During the period beginning in, or about 1978 and ending in, or about 1982, Pasco Izzo was a director, officer and shareholder of Metals Recycling, Inc. Pasco Izzo directed Metals Recycling, Inc.'s operations at the Site.

11. Pursuant to a Prospective Purchaser Agreement with the Environmental Protection Agency, the City of Taunton purchased the Site in 1997. The Site is currently used by the Taunton Department of Public Works as a parking lot and storage area.

## RESPONSE ACTIONS BY THE UNITED STATES

12. To address the release or threatened release of hazardous substances at the Site, EPA has conducted response activities in connection with the Site, pursuant to CERCLA Section 104, 42 U.S.C. § 9604. EPA has incurred costs related to such response activities.

13. In, or about, 1993, the Site was brought to the attention of EPA's Waste Management Division by the Weir Economic Revitalization Corporation, Taunton, MA.

14. In 1993, EPA collected soil and water samples at the Site. These samples contained elevated levels of polychlorinated biphenyls (PCBs), chlorinated solvents, and metals, including lead and chromium.

15. In, or about, January 1994, EPA determined that a removal action was warranted, pursuant to CERCLA Section 104(a), 42 U.S.C. § 9604(a), due to factors including, but not limited to, the high concentrations of lead, chromium, and PCBs in the soil at the Site and the close proximity of residences, operating businesses and sensitive environmental areas.

16. EPA authorized a removal action at the Site in June 1994.

17. EPA initiated its removal action at the Site in May of 1997. In the course of the removal action, EPA tested, treated and stabilized contaminated soil at the Site. Approximately 15,000 tons of stabilized soil was sent off-Site for disposal. EPA covered a 3 acre portion of the Site with geo-synthetic cap, and much of the remainder of the Site was subsequently paved.

18. EPA has incurred more than $6.8 million in unreimbursed response costs associated with the Site prior to February 2004, exclusive of interest.

## CLAIM FOR RELIEF (RESPONSE COSTS)

19. Paragraphs 1-18, above, are realleged and incorporated herein by reference.

20. "Hazardous substances," as defined by Section 101(14) of CERCLA, 42 U.S.C § 9601(14), were "disposed" of at the Site, within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29).

21. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C § 9601(9).

22. Defendants Izzo Group and Pasco Izzo are liable as past owners and/or operators of the Site, at the time of disposal of a hazardous substance, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

4

23. At all times relevant to this action, there was a release or threatened release of hazardous substances into the environment at, or from the Site, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

24. The release or threatened release of hazardous substances at the Site has caused the United States to incur unreimbursed response costs, as defined in Sections 101(23), 101(24) and 101(25) of CERCLA, 42 U.S.C. §§ 9601(23), 9601(24) and 9601(25), of more than $6.8 million prior to February 2004, exclusive of interest. All of these response costs are authorized by Section 104 of CERCLA, 42 U.S.C. § 9604.

25. The costs incurred by the United States in conducting response actions at the Site were incurred in a manner not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605 and codified at 40 C.F.R. Part 300.

26. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants Izzo Group and Pasco Izzo are each jointly and severally liable to the United States for all unreimbursed response costs incurred by the United States at the Site.

27. Each of the Defendants is also liable to the United States for interest on these costs, pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), and for the expenses the United States incurs in seeking to recover these costs, pursuant to CERCLA Section 101(25), 42 U.S.C. § 9601(25).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

a. Order the Defendants, jointly and severally, to pay all unreimbursed response costs, including enforcement costs, that have been incurred, or will be incurred by the United States in connection with the Site, plus interest;

b. Award the United States the costs of this action; and

c. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: 7.6.04

*Tom Sansonetti*

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

J. TOM BOER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Sta.
Washington, DC 20044-7611
(202) 514-5313

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

GEORGE B. HENDERSON, II
Assistant United States Attorney
Office of the United States Attorney
District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

OF COUNSEL:
LLOYD SELBST, ESQ.
Senior Enforcement Counsel
U.S. Environmental Protection Agency, New England Region
1 Congress Street, Suite 1100
Boston, Ma. 02114-2023
(617) 918-1739