IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|     Plaintiffs, | ) |
|  | ) |
|                 v. | ) |
|  | ) |
| IZZO GROUP, INC. AND PASCO IZZO, SR., | ) |
|  | ) |
|     Defendants. | ) |
|  | ) |

04 _ _ _ _ _ _ _ GAO

**CONSENT DECREE**

## TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
V.      REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
VI.     FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE . . . . . . . . . . . . . . . . . . 4
VII.    COVENANTS BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
VIII.   COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCY . . . . . . . . . 7
IX.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
X.      RETENTION OF RECORDS AND CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
XI.     NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
XII.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
XIII.   INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
XIV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
XV.     EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
XVI.    SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
XVII.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Cohen Property Superfund Site in Taunton, Massachusetts ("Site").

B.    Defendants Izzo Group, Inc., and Pasco Izzo, Sr. ("Settling Defendants") do not admit any liability arising out of the transactions or occurrences alleged in the complaint, nor do they acknowledge that the release or threatened release of hazardous substances at or from the Site constitute an imminent or substantial endangerment to the public health or welfare or the environment.

C.    The Settling Federal Agency, which has entered into this Consent Decree, does not admit any liability arising out of the transactions or occurrences alleged in any counterclaim asserted by Settling Defendants.

D.    The United States has reviewed the financial information submitted by the Settling Defendants to support their position that they are unable to pay all of the response costs incurred, and to be incurred at the Site. Based upon this financial information, the United States has determined that Settling Defendants have limited ability to pay all of the response costs but are able to pay the amounts specified in Section V.

E.    The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.    This Consent Decree is binding upon the United States and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other

legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 30.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendants.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendants" shall mean the Izzo Group, Inc., and Pasco Izzo, Sr.

"Settling Federal Agency" shall mean the United States Department of Defense which is resolving any claims which have been or could be asserted against it with regard to the Site, as provided in this Consent Decree.

"Site" shall mean the Cohen Property Superfund Site, encompassing approximately 4 acres at 91 Ingell Street, Taunton, Massachusetts. The Site is bounded to the south by the Mason Box Company property, Ingell Street to the east, a Consolidated Railways rail line to the west and by the International Fruit of Massachusetts property to the north. The Site is depicted more clearly on the map included in Appendix A.

"United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities, which includes, but is not limited to, EPA, the Settling Federal Agency and any federal natural resources trustees.

## V. REIMBURSEMENT OF RESPONSE COSTS

4. Payment by Settling Defendants.

a. Within 60 days after the Effective Date, Settling Defendants shall pay to the EPA Hazardous Substance Superfund $100,000.00, plus an additional sum for Interest accrued pursuant to Paragraph 4.b. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the USAO File Number, the EPA Region and Site Spill ID Number 01X6 , and DOJ Case Number 90-11-2-1245/1. Payment shall be made in accordance with instructions provided by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Massachusetts following lodging of the Consent Decree. Any payments received by the United States after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendants shall send notice to EPA in accordance with Paragraph 25 (Notices and Submissions) that payment has been made.

b. Interest shall begin to accrue on the $100,000.00 from the date of signature of this Consent Decree by the Settling Defendants.

5. Payment by Settling Federal Agency.

a. As soon as reasonably practicable after the Effective Date of this Consent Decree, the United States, on behalf of the Settling Federal Agency, shall pay $2,016,457.00 to the EPA Hazardous Substance Superfund in reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the Site.

b. The payments to the EPA Hazardous Substances Superfund under this

-3-

Paragraph shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the USAO File Number, the EPA Region and Site Spill ID Number 01X6 , and DOJ Case Number 90-11-2-1245/1. Payment shall be made in accordance with instructions provided by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Massachusetts following lodging of the Consent Decree. Any payments received by the United States after 4:00 p.m. Eastern Time shall be credited on the next business day. Notice of such payment shall be sent to EPA and DOJ in accordance with Paragraph 25 (Notices and Submissions).

c.     If payment to the EPA Hazardous Substances Superfund required under this Paragraph is not made as soon as reasonably practicable after the Effective Date, the appropriate EPA Regional Branch Chief may raise any issues relating to payment to the appropriate DOJ Assistant Section Chief for the Environmental Defense Section. In any event, if this payment is not made within 120 days after the Effective Date, EPA and DOJ have agreed to resolve the issue within 30 days in accordance with a letter agreement dated December 28, 1998.

d.     In the event that the payment by Settling Federal Agency required by this Paragraph is not made within 60 days of the Effective Date, Interest on the unpaid balance shall be paid to EPA, as appropriate, commencing on the 61st day after the Effective Date and accruing through the date of the payment.

e.     The Parties to this Consent Decree recognize and acknowledge that the payment obligations of Settling Federal Agency under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that the Settling Federal Agency obligates or pays funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

6.     Interest on Late Payments. In the event that any payment required by Paragraph 4 (Payment by Settling Defendants) or Paragraph 7 (Stipulated Penalty), is not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

7.     Stipulated Penalty.

a.     If any amount payable by Settling Defendants pursuant to Paragraph 4 (Payment by Settlement Parties) is not paid by the required date, Settling Defendants shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 6 (Interest on Late Payments), $1,000.00 per violation per day that such payment is late.

b.     Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

-4-

> U.S. Environmental Protection Agency
> Region I Superfund
> Attn: Hazardous Substance Superfund Accounting
> P.O. Box 360197M
> Pittsburgh, PA 15251

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site Spill ID Number 01X6, the USAO File Number, and DOJ Case Number 90-11-2-1245/1. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA and DOJ as provided in Paragraph 25 (Notices and Submissions).

        c.     Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

        8.     If the United States brings an action to enforce this Consent Decree with respect to Settling Defendants, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

        9.     Payments made under Paragraphs 6 and 7 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

        10.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII. COVENANTS BY PLAINTIFF

        11.    Covenants by the United States.

        a.     In consideration of the payments that will be made by Settling Defendants, and except as specifically provided in Paragraph 12 (Reservation of Rights by the United States), the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with regard to the Site. The covenant not to sue shall take effect with respect to Settling Defendants upon receipt by EPA of all payments required by Paragraph 4 (Payment by Settling Defendants), Paragraph 6 (Interest on Late Payments) and Paragraph 7 (Stipulated Penalty) due from Settling Defendants under this Consent Decree. This covenant not to sue is conditioned upon the veracity and completeness of the financial information provided to EPA by Settling Defendants. If the financial information is subsequently determined to be false or in any material respect inaccurate, Settling Defendants shall forfeit all payments made

pursuant to this Consent Decree and this covenant not to sue and the contribution protection in Paragraph 18 shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendants' false or materially inaccurate information.

b.     In consideration of the payment made by the Settling Federal Agency under the terms of this Consent Decree, except as specifically provided in Paragraph 12 (Reservation of Rights by the United States), EPA covenants not to take administrative action against Settling Federal Agency pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with regard to the Site. The covenant not to take administrative action with respect to Settling Federal Agency shall take effect upon receipt by EPA of all payments required by Paragraph 5 (Payment by Settling Federal Agency).

c.     With respect to Settling Defendants and Settling Federal Agency, the covenant not to sue or to take administrative action is conditioned upon the satisfactory performance by Settling Defendants or Settling Federal Agency of its obligations under this Consent Decree. The covenants not to sue or to take administrative action extend only to Settling Defendants and Settling Federal Agency and do not extend to any other person.

12.     Reservation of Rights by the United States. The covenants not to sue or to take administrative action set forth in Paragraph 11 (Covenants by the United States) do not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants, and EPA and the federal natural resource trustees, reserve and this Consent Decree is without prejudice to, all rights against Settling Federal Agency, with respect to all other matters, including, but not limited to, the following:

a.     claims based on a failure by Settling Defendants or Settling Federal Agency to meet a requirement of this Consent Decree;

b.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c.     criminal liability;

d.     liability, based upon Settling Defendants' ownership or operation of the Site, or upon Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendants; and

e.     Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the financial information provided by the Settling Defendants, or the financial

certification made by the Settling Defendants in Paragraph 23, is false or in any material respect inaccurate.

## VIII. COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCY

13.    <u>Covenant Not to Sue by Settling Defendants</u>. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or their contractors or employees, including the Settling Federal Agency, with respect to the Site or this Consent Decree, including but not limited to:

a.    any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.    any claim for costs, fees or expenses incurred in this action or related to the Site, including claims under 28 U.S.C. § 2412 (Equal Access to Justice Act), as amended;

c.    any claim arising out of response actions at the Site for which response costs were incurred;

d.    any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site or any other law;

e.    any claim under the Constitution of the United States, the Tucker Act, 28 U.S.C. § 1491, at common law arising out of or relating to response actions at the Site; and

f.    any claims arising out of response activities at the Site, including claims based on EPA's selection of response actions, oversight or response actions or approval of plans for such activities.

14.    <u>Covenant by Settling Federal Agency</u>. Settling Federal Agency hereby agrees not to assert any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with regard to the Site or this Consent Decree. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

15.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

16.    Settling Defendants agree not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any

other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendants.

## IX. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

17.    Except as provided in Paragraph 16, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18.    The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants and Settling Federal Agency are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. For purposes of this Paragraph, the "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations.

19.    Settling Defendants agree that, with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree, they will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendants also agree that, with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree, they will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon them. In addition, Settling Defendants shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII (Covenants by the Plaintiff).

## X. Retention of Records and Certification

21.     Until seven years after the entry of this Consent Decree, Settling Defendants shall preserve and retain all records and documents now in their possession or control, or which come into their possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

22.     After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA and DOJ, Settling Defendants shall deliver any such records or documents to EPA. Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of the author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

23.     By signing this Consent Decree, Settling Defendants certify that, to the best of their knowledge and belief, they have:

    a.     conducted a thorough, comprehensive, good faith search for documents, and information, and neither possess nor know of other documents or information which would indicate that Settling Defendants have contributed to the Site, or otherwise arranged for disposal at the Site;

    b.     conducted a thorough, comprehensive, good faith search for insurance policies that would provide coverage for the Settling Defendants' alleged liability at the Site and neither possess nor know of such insurance coverage;

    c.     not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to their potential liability regarding the Site, after notification of potential liability or the filing of a suit against Settling Defendants regarding the Site;

    d.     to the extent received, fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e); and

e.     submitted to EPA financial information that fairly, accurately, and materially sets forth their financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time the Settling Defendants execute this Consent Decree.

24.    The United States acknowledges that Settling Federal Agency: (a) is subject to all applicable Federal record retention laws, regulations, and policies; and (b) has certified that it has fully complied with any and all EPA requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. 6927.

## XI. NOTICES AND SUBMISSIONS

25.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and DOJ, Settling Federal Agency and Settling Defendants, respectively. Notice to Settling Defendants' Authorized Agent as specified on the Settling Defendants' signature page to this Consent Decree shall be effective notice to Settling Defendants.

*As to the United States*:     Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-1733/1

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986
Re: DJ # 90-11-6-159

*As to EPA*:     Tina Hennessy
U.S. EPA - New England
Office of Site Remediation and Restoration
1 Congress Street, Suite 1100
Boston, MA  02114-2023

## XII. RETENTION OF JURISDICTION

26.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII. INTEGRATION/APPENDICES

27.    This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

29.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. EFFECTIVE DATE

30.    The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVI. SIGNATORIES/SERVICE

31.    The undersigned representatives of Settling Defendants to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

32.    Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

33.    Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of Settling Defendants with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. Final Judgment

34.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


So Ordered this _____ Day of _____, 2004.


_____

United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Izzo Group, Inc., and Pasco Izzo, Sr.*, relating to Cohen Property Superfund Site.

**FOR THE UNITED STATES OF AMERICA:**

7.6.04
_____
Date

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

7/27/04
_____
Date

TOM J. BOER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5313

7/27/04
_____
Date

LAUREL A. BEDIG
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 305-0331

-13-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Izzo Group, Inc., and Pasco Izzo, Sr.*, relating to Cohen Property Superfund Site.

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

GEORGE B. HENDERSON, II
Assistant United States Attorney
Office of the United States Attorney
District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210

The Undersigned Party enter to this Consent Decree in the matter of *United States v. Izzo Group, Inc., and Pasco Izzo, Sr.*, relating to Conen Property Superfund Site.

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY**:

5-17-04
Date

Robert W. Varney
Regional Administrator
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA 02114-2023

Date

Lloyd Selbst
Senior Enforcement Counsel
U.S. Environmental Protection Agency, New England
One Congress Street
Boston, MA 02114-2023

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Izzo Group, Inc., and Pasco Izzo, Sr.*, relating to Cohen Property Superfund Site.

## SETTLING DEFENDANTS SIGNATURE PAGE

FOR IZZO GROUP, INC.

*[handwritten date]*
_____
Date

Signature: _____
Name (print): Pasco Izzo Sr.
Title: President
Address: _____

Agent Authorized to Accept Notices on Behalf of Above-signed Party after three years after Effective Date:

Name (print): _____
Title: Gregory L Benik Esq.
Address: Holland & Knight LLP
One Financial Plaza 18th Fl.
Providence, RI 02906
Phone Number: 401 751-8500

-16-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Izzo Group, Inc., and Pasco Izzo, Sr.*, relating to Cohen Property Superfund Site.

## SETTLING DEFENDANTS SIGNATURE PAGE

FOR PASCO IZZO, SR.

Date

Signature:
Address:

Agent Authorized to Accept Notices on Behalf of Above-signed Party after three years after Effective Date:

Name (print): *Gregory L. Benik, Esq.*
Title: *Counsel*
Address: *Holland & Knight LLP*
*One Financial Plaza 18th Fl.*
*Providence, RI 02903*
Phone Number: *401, 751-8500*

-17-

# APPENDIX A



EXISTING FENCE
NCE LOCATION