UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IZZO GROUP, INC. and PASCO IZZO, SR. )<br>)<br>Defendants. )<br>) | Civil Action No.<br>1:04-CV-11689 (GAO) |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION OF**
**THE UNITED STATES TO ENTER THE CONSENT DECREE**

Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA") and the Department of Defense ("DOD"), submits this Memorandum in support of its Unopposed Motion for Entry of the Consent Decree. The United States respectfully requests that the Court sign the pending Consent Decree between the United States and the Defendants, Izzo Group, Inc., and Mr. Pasco Izzo., Sr. ("Mr. Izzo") (collectively, the "Settling Defendants"), and enter it as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DISCUSSION**

**I.   Complaint**

In this action the United States sought cost recovery with respect to the Cohen Property Superfund Site ("Site"), located in the City of Taunton, Massachusetts, under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9707, against the Izzo Group, Inc., and Mr. Izzo. EPA alleged that the Settling Defendants are each

jointly and severally liable to the United States for all unreimbursed response costs incurred by the United States at the Site. Settling Defendants had a potential claim for contribution from the United States under section 113(f)(1) of CERCLA. 42 U.S.C. § 9613(f)(1).

## II.     Consent Decree

The Consent Decree contains the standard provisions found in federal CERCLA consent decrees. The Consent Decree provides for the Izzo Group and Mr. Pasco Izzo to collectively pay $100,000, plus interest from the date of their signature, to reimburse the United States for costs incurred by EPA at the Site. This settlement amount is based on the Izzo Group's and Mr. Izzo's limited ability to pay the full amount of EPA's unreimbursed response costs. The Consent Decree also resolves the Settling Defendants' potential contribution claim, providing for payment of $2,016,457.00 by the United States, on behalf of the DOD ("Settling Federal Agency"), to partially reimburse EPA's response costs incurred at the Site.

## III.    Notice and Comment

On August 2, 2004, the proposed Consent Decree was lodged with the Court, pursuant to 28 C.F.R. Section 50.7, for public comment. Notice of the lodging of this Consent Decree and the opportunity to comment thereon, was published in the Federal Register on August 11, 2004 (69 Fed. Reg. 48,887). The requisite thirty (30) day public comment period has expired. The United States received no comments during the public comment period.

## IV.    Standard of Review

It is established that a court should enter a CERCLA consent decree if the decree "is reasonable, fair and consistent with the purposes that CERCLA is intended to serve." United States v. Cannons Eng'g Corp., 899 F.2d 79, 85 (1st Cir. 1990) (quoting House Report on the

Superfund Amendments and Reauthorization Act of 1986, H.R. Rep. No. 253, Part 3, 99th Cong. 1st Sess. 19 (1985), reprinted in 1986 U.S. Code Cong. & Admin. News 3038, 3042); United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1084-85 (1st Cir. 1994); United States v. DiBiase, 45 F.3d 541, 543 (1st Cir. 1995); U.S. v. Alliedsignal, Inc., 62 F.Supp. 2d 713, 719 (N.D.N.Y. 1999).  As this Consent Decree meets this governing standard, and no comments have been filed opposing this settlement, the Court should enter the Decree.

### A. The Standard of Review is Deferential

The standard to be applied by this Court in reviewing this Consent Decree is laden with judicial deference to CERCLA consent decrees, reflecting the general public policy favoring settlements.  See Charles George, 34 F.3d at 1085; Cannons, 899 F.2d at 84; see also Patterson v. Newspaper & Mail Deliverers' Union, 514 F.2d 767, 771 (2d Cir. 1975).  The law favoring settlements "has particular force where [] a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement."  Cannons, 899 F.2d at 84.  Thus, the policy favoring settlement "is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of [EPA]."  United States v. Cannons Eng'g Corp., 720 F. Supp. 1027, 1035 (D. Mass. 1989), aff'd, 899 F.2d 79 (1st Cir. 1990); United States v. Rohm & Haas Co., 721 F. Supp. 666, 685 (D.N.J. 1989) ("Respect for litigants, especially the United States, requires the court to play a much more constrained role.").  Moreover, the public policy in favor of the resolution of litigation by settlement is strong in CERCLA cases.  See Dedham Water Co. v. Cumberland Farms Dairy, Inc., 805 F.2d 1074, 1082 (1st Cir. 1986) ("[E]arly resolution of [CERCLA] disputes is a desirable objective.").

The instant Consent Decree presents no reason for this Court to diverge from this well established standard of review. Accordingly, in this case the trial court "must defer heavily to the parties' agreement and EPA's expertise." Charles George, 34 F.3d at 1085.

**B.    The Consent Decree Is Fair and the Settlement is Reasonable And Consistent with CERCLA's Primary Goals**

Fairness of a CERCLA settlement involves both procedural fairness and substantive fairness. See Cannons, 720 F. Supp. at 1039. Courts evaluate procedural fairness by considering the openness and candor of the bargaining process. See Cannons, 899 F.2d at 86-88. In Rohm & Haas, the court found that:

> [W]here a settlement is the product of informed, arms-length bargaining by the EPA, an agency with the technical expertise and the statutory mandate to enforce the nation's environmental protection laws, in conjunction with the Department of Justice . . . <u>a presumption of validity attaches to that agreement</u>.

721 F. Supp. at 681 (emphasis added) (citing City of New York v. Exxon Corp., 697 F. Supp. 677, 692 (S.D.N.Y. 1988)). Courts analyze substantive fairness based upon consideration of the equity of the settlement in relation to the risks of litigation and, in some measure, other pertinent equitable factors. See Cannons, 899 F.2d at 86-88; see also Charles George, 34 F.3d at 1089; DiBiase, 45 F.3d at 544-46. Thus factors relevant to determining whether a CERCLA settlement is reasonable include whether the decree satisfactorily compensates the public for response costs and the risks and delays inherent in litigation. See Cannons, 899 F.2d at 89-90.

The parties spent a number of months negotiating, at arms-length and in good faith, the terms of the settlement and the language of the Consent Decree. During these negotiations Izzo Group and Mr. Izzo were represented by experienced counsel. The Consent Decree is tailored to

reflect the Settling Defendants' limited ability to pay the full amount of EPA's unreimbursed response costs.

The payment by the Settling Federal Agency represents response costs associated with the removal of unexploded ordnance from the Site, as well as costs associated with the cleanup of contaminated scrap and debris traceable to the United States military. The amount of payment by the Settling Federal agency was determined after a review and analysis of EPA's information by attorneys in the Environment and Natural Resources Division of the Department of Justice, and appropriately reflects the Settling Federal Agency's equitable fair share of responsibility for response costs incurred by EPA at the Site.

In addition, the United States has satisfied the notice and comment requirements of 28 C.F.R. Section 50.7, and no public comments were received. For all of the reasons above, the Consent Decree is fair and reasonable.

The fairness and reasonableness inquiries are largely congruent with consideration of whether a settlement is faithful to the statutory scheme. See Cannons at 90-91. This settlement provides resolution of liability for settling parties. Furthermore, the Consent Decree serves CERCLA's goal of reducing, where possible, the litigation and transaction costs associated with response actions. See id., 899 F.2d at 90; Rohm & Haas Co., 721 F. Supp. at 696. This Consent Decree is also, therefore, consistent with the general public policy in favor of settlement to reduce costs to litigants and burdens on the courts. See, e.g., Weinberger v. Kendrick, 698 F.2d 61, 73 (2d Cir. 1982).

## CONCLUSION

The pending Consent Decree is fair, reasonable and in the public interest and, therefore, the United States respectfully requests that the Court sign the Consent Decree and enter it as a final judgment. The Settling Defendants, pursuant to the Consent Decree, consent to entry of the Consent Decree. Consent Decree at ¶ 28.

        Respectfully submitted,

        THOMAS L. SANSONETTI
        Assistant Attorney General
        Environment and Natural Resources Division
        U.S. Department of Justice
        Washington, D.C. 20530

 9/28/2004     /s Tom Boer
 Date          J. TOM BOER, Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611

        LAUREL A. BEDIG
        Environmental Defense Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 23986
        Washington, D.C. 20026-3986

        MICHAEL J. SULLIVAN
        United States Attorney
        District of Massachusetts

        GEORGE B. HENDERSON, II
        Assistant United States Attorney
        Office of the United States Attorney
        District of Massachusetts
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100

        Attorneys for the United States

OF COUNSEL:
LLOYD SELBST, ESQ.
Senior Enforcement Counsel
U.S. Environmental Protection Agency, New England Region
1 Congress Street, Suite 1100
Boston, MA 02114-2023
(617) 918-1739

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing UNOPPOSED MOTION OF THE UNITED STATES FOR ENTRY OF THE CONSENT DECREE, MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION FOR ENTRY, were served by first class mail, postage prepaid, this 28 day of September, 2004, upon counsel listed below:

Gregory L. Benik, Esq.
Holland & Knight
Suite 1800
One Financial Plaza
Providence, Rhode Island 02903


                                                                   s/ Tom Boer
                                                   J. TOM BOER, Trial Attorney